IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED - CLERK
U.S. DISTRICT COURT

T.X EASTERN

BY

| | |
|---|---|
| PAUL ALLAN LARSON,<br>Petitioner,<br><br>V.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL,<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION NO. 9:03cv59
Magistrate Judge Harry W. McKee

## RESPONDENT COCKRELL'S ANSWER
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent, Janie Cockrell, Director ("the Director"), Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), through her attorney, the Attorney General of Texas, and files this her Answer with Brief in Support.

## I.

## JURISDICTION

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

## II.

## DENIAL

The Director denies every allegation of fact made by Petitioner, Paul Allan Larson ("Larson"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Larson pursuant to a judgment and sentence of the 263rd District Court of Harris County, Texas, in cause number 465007. Exhibit A (TDCJ-ID Commitment inquiry printout with attached explanations). On May 11, 1987, Larson pleaded guilty to the felony

offense of aggravated sexual assault of a child, the court accepted his plea, found him guilty, and sentenced him sixty years imprisonment. *Id.*

A procedural history of any appeals or applications for state writ of habeas corpus is unnecessary for the disposition of the instant petition because the validity of Larson's holding conviction is not directly at issue; rather, he challenges a prison disciplinary hearing. Fed. Writ Pet., at 2, 7-8. In disciplinary case number 20030044031, Larson was found guilty of "failing to obey an order" and "causing a disruption of operations" by delaying the shake down of two dorms, a code 24 and 23 violation. Exhibit B[1] at 1, 7. On October 18, 2002, as a result of this disciplinary case, Larson's punishment was assessed thirty days commissary restriction, thirty days cell restriction, a line class reduction, and forfeiture of thirty days of good-time. Exhibit B at 1, 7.

On November 4, 2002, Larson filed a Step One Grievance appealing the disciplinary proceeding. Exhibit B at 8-10. On November 12, 2002, Larson's Step One Grievance was denied. Exhibit B at 11. Subsequently, on November 27, 2002, Larson filed a Step Two Grievance. Exhibit B at 12-13. On December 12, 2002, Larson's Step Two Grievance was denied. Exhibit B at 13. Larson filed this federal writ petition on March 3, 2003. Fed. Writ Pet., at 9.

## IV.

### STATE COURT RECORDS

Records of Larson's state court proceedings are irrelevant to the resolution of this case. Therefore, unless the court orders otherwise, the records will not be forwarded to this court. However, a TDCJ-ID commitment inquiry printout regarding Larson's holding conviction is attached as "Exhibit A." Records of the hearing and grievance proceedings including a business records affidavit regarding the disciplinary case Larson challenges are attached as "Exhibit B." A copy of Larson's hearing tape is available should this court require a copy.

---

[1] The records for disciplinary case number 20030044031 and a business records affidavit are attached as Exhibit B. For the convenience of the court, the Director has numbered the pages of Exhibit B. Records of Exhibit B also includes the grievance records.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Larson's allegations to be as follows:

1.    No valid evidence was produced in both charges to support the findings of guilty.

2.    He was denied witnesses.

3.    In violation of TDCJ-ID policy, the hearing officer did not make a record as to why Larson's witnesses were denied and Larson was denied access to the hearing tape.

Fed. Writ Pet. at 7-8.

## VI.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The record indicates that Larson exhausted his available administrative remedies regarding this disciplinary case because he completed his Step One and Step Two Grievance proceedings. Exhibit B at 8-13. Because Larson challenges a disciplinary proceeding, he was not required to file a state application for writ of habeas corpus. *See Ex parte Brager,* 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) ("[t]his Court will not entertain claims concerning alleged violations of prison disciplinary procedures.").

## VII.

## RESPONDENT COCKRELL'S ANSWER
## WITH BRIEF IN SUPPORT

**The evidence was sufficient.**

Larson alleges that no valid evidence was introduced in both charges to support the findings of guilty. Fed. Writ Pet., at 7. As explained below this claims is without merit.

The Fifth Circuit has held that disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995). Due to the needs of prison security and protection, even "anonymous and *merely generalized accusations* [can] form the sole basis for disciplinary action against a prison inmate." *Smith v. Rabalais,* 659 F.2d 539,

3

545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982) (emphasis added). The court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)). Therefore, so long as there is "any evidence at all" to support the prison disciplinary hearing officer's findings, the results of the hearing will be upheld. *Hudson*, 242 F.3d at 536 (quoting *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied*, 455 U.S. 992, 102 S. Ct. 1619 (1982)). Here, the record reflects the charging officer ordered Larson to move his property to the gym for a shakedown which Larson refused. Exhibit B at 1, 2, 3, 7. The record reflects Larson's health summary classification contains a restriction of not lifting more than twenty pounds. Exhibit B at 5. However, "other inmates assist with the carrying of property or inmates make additional trips to carry property to the shakedown area." Exhibit B at 6. The evidence was more than sufficient to support the finding that Larson was guilty of "failing to obey an order," and that Larson was guilty of "disrupting operations" in that Larson's act resulted in a delay in shaking down two dorms. Exhibit B at 1, 2, 3, 6, 7. Therefore, these claims must fail.

**Larson's allegation that he was denied witnesses is without merit.**

This allegation is without merit because the record reflects Larson was informed of his right to call witnesses and present evidence. Exhibit B at 4. Further, the record reflects Larson did not request witnesses or present evidence. Exhibit B at 7. Instead, Larson offers his own self-serving statements and conclusory allegations that TDCJ-ID denied him his right to call witnesses. Finally, *Wolff* requires that an inmate be allowed to "call witnesses and present documentary evidence when permitting him to *do so will not be unduly hazardous to institutional safety or correctional goals.*" *Wolff v. McDonnell*, 418 U.S.539, 566, 94 S. Ct. 2963, 2979 (1974). However, "the unrestricted right to call witnesses from the prison population carries obvious potential for disruption and for interference with the swift punishment that in individual cases may be essential to carrying out the correctional program of the institution." *Id.* at 566, 94 S. Ct. at 2980. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses

4

that may create a risk of reprisal or undermine authority, as well as limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Therefore, this claim fails as a conclusory allegation.

> **Larson's allegations that TDCJ-ID violated its policies because the hearing officer did not make a record regarding the absent witnesses and that Larson was not provided a copy of the hearing tape do not allege cognizable constitutional violations.**

Larson's allegations fail to assert federal constitutional rights. Habeas corpus review is available only for the vindication of rights existing under federal law; not rights existing solely under the rules of state procedure or, in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986), *rehrg. denied*, 793 F.2d 1287 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Further, it is not a federal habeas corpus court's function to review a state's interpretation of its own law. *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Accordingly, Larson's claims must fail.

> **Larson is not entitled to relief regarding the punishment he received.**

As a result of disciplinary case number 20030044031, Larson received thirty days commissary restriction, thirty days cell restriction, a line class reduction, and forfeiture of thirty days of good-time. Exhibit B at 1, 7.

To the extent he challenges the imposition of commissary restrictions, cell restrictions, and the line class reduction, Larson has failed to demonstrate actionable constitutional deprivations. The Due Process Clause is not implicated by these changes in the conditions of Larson's confinement; therefore, he has not stated claims that are entitled to federal habeas corpus relief.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 2297 (1995). When a prisoner is lawfully incarcerated, he loses many of the rights and

5

privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997); *Sandin*, 515 U.S. at 485, 115 S. Ct. at 2301; *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 2974 (1974). However, prisoners do not lose all constitutional rights when they are incarcerated. *Id.* In certain circumstances, states may create liberty interests which are protected by the Due Process Clause. *Madison*, 104 F.3d at 767; *Sandin*, 515 U.S. at 483-84, 115 S. Ct. at 2300. "[T]hese interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. "[T]hese interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison*, 104 F.3d at 767.

Larson's temporary imposition of commissary restrictions and cell restrictions, do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. Rather, these restrictions constitutes a change in the conditions of Larson's confinement, and, therefore, do not implicate the protections afforded by the Due Process Clause. *See Id.* at 768 (thirty day commissary and cell restrictions do not implicate due process concerns); *see also Sandin*, 515 U.S. at 486, 115 S. Ct. at 2301 (holding that no liberty interest was implicated by placement in administrative segregation).

Further, to the extent Larson challenges the hearing officer's determination that his line class status be reduced, Larson's custodial classification in terms of a "line class" will not "inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302. The possibility that Larson's custody classification would affect when he was ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302). Larson has not shown that the hearing officer's determination that his custody classification be reduced "would automatically shorten his sentence or lead to his immediate release." *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). Moreover, the timing of Larson's

release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time earning status." *Malchi v. Johnson*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, in regard to the imposition of commissary restrictions, cell restrictions, and line class status, Larson has not stated claims that are entitled to federal habeas corpus relief.

However, as a result of disciplinary case number 20030044031, Larson was deprived of 30 days of good-time. Exhibit B at 1, 7. Under Texas law, good-time credits do not actually reduce an inmate's sentence. Rather, since 1977, good-time credits affect the amount of a given sentence that an eligible inmate will have to serve before being released on parole or mandatory supervision. *See* TEX. CIV. STAT., art. 6181-1, § 4 (Vernon Supp. 1977) (good time credits "appl[y] only to eligibility for parole or mandatory supervision"), *currently* TEX. GOV'T. CODE §498.003(a) (Vernon 1998). A Texas prisoner does not possess a liberty interest in being released on parole. *Allison v. Kyle,* 66 F.3d 71, 73-74 (5th Cir. 1995) (citations omitted). Thus, to the extent that Larson contends that his parole eligibility has been adversely affected by the challenged disciplinary infraction, he does not state a basis for relief. *Sandin*, 515 U.S. at 487, 115 S. Ct. at 2302.

Furthermore, the Supreme Court has held that states may, in some instances, create liberty interests that are protected by the Due Process Clause through the language of prison regulations. *Sandin*, 515 U.S. at 484, 115 S. Ct. at 2300. In those cases, the standards for satisfying due process are set out in *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S. Ct. 2963, 2975 (1974). The *Wolff* due process procedures must be examined regarding disciplinary case number 20020298647 because good-time credits were taken away from Larson, and he is eligible for mandatory supervision. *Malchi*, 211 F.3d at 958-9.

In general, prison disciplinary proceedings do not form part of a criminal prosecution, and, therefore, "the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556, 94 S. Ct. at 2975. Due process requires that a prison inmate be provided with: (1) advanced written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and

7

correctional goals, and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-67, 94 S. Ct. at 2978-80.

To the extent Larson claims that his due process rights were violated, his claims must fail. First, Larson was notified of the disciplinary charges on October 15, 2002, at 1:20 p.m., and the hearing occurred on October 18, 2002, at 10:40 a.m.. Exhibit B at 1. Second, Larson was informed of his right to call witnesses and present documentary evidence. Exhibit B at 4. Finally, Larson was provided with a final report of the disciplinary hearing stating the evidence relied upon and the reason for the disciplinary action. Exhibit B at 1.

Accordingly, the *Wolff* due process rights were satisfied. And the hearing officer exercised his discretion to "keep the hearing within reasonable limits." *Wolff,* 418 U.S. at 566, 94 S. Ct. at 2980.

## VIII.

### CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Larson's petition for writ of habeas corpus be denied.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. Mc BEE
First Assistant Attorney General

JAY KIMBROUGH
Deputy Attorney General for
Criminal Justice

GENA BUNN
Assistant Attorney General
Chief, Postconviction Litigation Division

8

*M. IRENE DELGADILLO
Assistant Attorney General
State Bar No. 24031568

*Lead Counsel

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, M. Irene Delgadillo, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Answer With Brief in Support has been served by placing it in the United States Mail, postage prepaid, on this the 15th day of April, 2003, addressed to:   Paul Allen Larson, TDCJ-ID No. 452522, Eastham Unit, P.O. Box 16, Lovelady, Texas   75851-0016.

M. IRENE DELGADILLO
Assistant Attorney General

9

# EXHIBIT  A

```
INMTCICS/LHA9541 /JC01  TDCJ      IO: 00452522 SIDNO: 03869248
NAME: LARSON,PAUL ALLAN        ~       APPL:        STATUS: A RD ▵ₐ L1 I #OFF: 03
OLD TDC#: 00000000 CNTY CONV: 101                                          65TH
OFF-REC:    1119 PRJ RL: 05-20-2009 REC:    05-27-1987 MAX-TERM:    60Y  0M  0D
PEN-REC: 022.021 MAX-EX: 05-08-2046 BEGIN: 05-08-1986 PAR-ELIG: 05-08-2006
                                        DEFADJ:     INMATE TYPE: ID
     OFFCD: 36140000 INDECENCY WITH CHILD                                  65TH
      PENAL:021.110  MS:Y PLEA:G CAUSE:449009       CNT:     OFF:02-02-1986
      CC  CNTY OFF:101  CNTY/CRT:101 263 MAX TERM:  20Y  0M  0D  BEG:05-08-1986
      MIN EXP:10-11-2002 MAX:05-08-2006 PAR ELIG:01-01-0001 SENTENCED:05-11-1987
      OFF TDCNO: 00452522            PC SUBSEC: UNK    CTO DATE 01-01-0001
     OFFCD: 11190000 AGG SEX ASLT OF CHILD         AGG       FLAT-ONLY 65TH
      PENAL:022.021  MS:Y PLEA:G CAUSE:449008       CNT:     OFF:02-02-1986
      CC  CNTY OFF:101  CNTY/CRT:101 263 MAX TERM:  60Y  0M  0D  BEG:05-08-1986
      MIN EXP:05-20-2009 MAX:05-08-2046 PAR ELIG:05-08-2006 SENTENCED:05-11-1987
      OFF TDCNO: 00452522                            CTO DATE 01-01-0001
     OFFCD: 11190000 AGG SEX ASLT OF CHILD         AGG       FLAT-ONLY 65TH
      PENAL:022.021  MS:Y PLEA:G CAUSE:465007       CNT:     OFF:07-01-1984
      CC  CNTY OFF:101  CNTY/CRT:101 263 MAX TERM:  60Y  0M  0D  BEG:05-08-1986
      MIN EXP:05-20-2009 MAX:05-08-2046 PAR ELIG:05-08-2006 SENTENCED:05-11-1987
      OFF TDCNO: 00452522                            CTO DATE 01-01-0001
PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____ OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION COMMITMENT INQUIRY INFORMATION

The Director does not have a copy of the judgment and sentence documenting Larson's conviction in cause number 465007. However, the Director has obtained the Texas Department of Criminal Justice, Institutional Division computer generated commitment inquiry and provides the following:

a) "OFFCD: 11190000" - identifies the National Crime Information Center offense code for the felony offense of aggravated sexual assault of a child.

b) "PENAL: 022.021" - identifies the Texas Penal code violation for aggravated sexual assault of a child.

c) "MS: Y" - indicates Larson is eligible for mandatory supervision release.

d) The term "PLEA: G" reflects Larson pleaded guilty.

e) "CAUSE: 465007" - reflects the Criminal District Court cause number for Larson's case.

f) "CNTY OFF: 101" - identifies the offense in this conviction occurred in Harris County, Texas, with 101 being the TDCJ-ID numeric designator for Harris County.

g) "CNTY/CRT:101 263" - identifies the county where the conviction occurred as Harris County, Texas and the convicting judicial district court for this case as the 263rd Judicial District Court.

h) "MAX TERM: 60Y" - reflects a sixty year sentence.

i) "SENTENCED: _____" - reflects a _____ sentencing date.

# EXHIBIT  B

## AFFIDAVIT

**STATE OF TEXAS**                             §
                                               §
**COUNTY OF WALKER**                           §

My name is Susan L. Schumacher. I am over twenty-one years of age, of sound mind, capable of

making this Affidavit and personally acquainted with the facts herein stated.

I am employed as the Assistant Administrator of Offender Grievance at the Central Grievance

Office for the Texas Department of Criminal Justice and my office is located in Huntsville, Texas. I do

hereby certify that I am the custodian of Offender Grievance Records. I have reviewed the grievance

records on Offender **Paul Larson** TDCJ #452522, Cause Number 9:03CV59, and hereby certify that the

attached documents requested for the time period of October 2002 to the present relating to *disciplinary*

*case #20030044031*, are true and correct copies of the grievance records now on file. I further certify that

the records attached hereto are maintained in the usual and regular course of business at the Office of

Offender Grievance for the Texas Department of Criminal Justice.

In witness whereof, I have hereto set my hand on this the 2nd day of April 2003.

*Susan L Schumacher*

Susan L. Schumacher
Assistant Administrator Offender Grievance
Texas Department of Criminal Justice

Before me, the undersigned authority Maggie A. Schillaci on this day personally appeared

Susan L. Schumacher, known to me to be the person whose name is subscribed to the foregoing

instrument, and having been by me duly sworn on oath, acknowledged that she had executed the same for

the purpose and consideration therein expressed and that the foregoing statements are true and correct.

Given my hand and seal of office on this the 2nd day of April 2003.

*Maggie A. Schillaci*

NOTARY PUBLIC in and for
The State of Texas



MAGGIE SCHILLACI
Notary Public, State of Texas
Notary #: 12413015-4
My Comm. Exp. 2-21-2006

## DISCIPLINARY REPORT AND HEARING RECORD

TDCJ-ID NO. 00452522  NAME: LARSON, PAUL ALLAN
MEMO: D-1          OS        SUB: PRE-HEARING DETENTION           CN: 127
CLASS: S3  CUST: G3  PRIMARY LANGUAGE: ENGLISH        MINOR RESTRICTIONS:      NO
GRADE: MA / TECH 2NE  DATE: 10/11/02  12:30 PM  LOCATION: GA 02 DORM
TYPE: ID

### OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT 2 DORM, OFFENDER: LARSON, PAUL ALLAN,
TDCJ-ID NO. 00452522, WAS ORDERED BY SGT. MORGAN TO PACK HIS PROPERTY AND GO TO
THE NORTH GYM AND SAID OFFENDER FAILED TO OBEY THE ORDER. FURTHERMORE,
OFFENDER LARSON DID FAIL TO OBEY A DIRECT ORDER WHICH RESULTED IN A SIGNIFICANT
DISRUPTION OF OPERATIONS IN THAT SUCH ACT CAUSED A DELAY IN SHAKING DOWN TWO
DORM.

CHARGING OFFICER: MORGAN, M. SGT.                    SHIFT/GUARD: 1 4

### OFFENDER NOTIFICATION                          IF APPLICABLE INTERPRETER,
TIME & DATE NOTIFIED: 10-15-02 1:20 pm BY: (PRINT) Bell
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: I refuse to sign          DATE: 10-18-02
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: \                              DATE:

### HEARING INFORMATION
HEARING DATE: 10/18/02  TIME: 10:40 Am  TAPE# 3576  SIDE# B  START# 129  END# 258
COUNSEL SUBSTITUTE AT HEARING:          TAPE#       SIDE#      START#     END#
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
EXPLANATION:

MAXIMUM 10/16/02

| OFFENSE CODES: | 24.0 | 23.0 | | | |
|---|---|---|---|---|---|
| OFFENDER PLEA: (G, NG) NONE: | NG | NG | | | |
| FINDINGS: (G, NG, DS) | | | | | |

REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER.
EXPLAIN IN DETAIL: Officers Report, officer testimony D) admission
A) guilt    B)                   RESTRICTED                     D) admission
AND                   PUNISHMENT
LOSS OF PRIV(DAYS)___    REPRIMAND......    CONFIDENTIAL    SOLITARY(DAYS)........
*RECREATION(DAYS)___    EXTRA DUTY(HOURS)___              REMAIN LINE 3...
*COMMISSARY(DAYS) 30    CONT.VISIT SUSP THRU NA           REDUC.CLASS.FROM S3 TO L1
*PROPERTY(DAYS)___      CELL RESTR.(DAYS) 30              GOOD TIME LOST(DAYS) 30
*_____(DAYS)___      SPECIAL (RESTR.DAYS)___           DAMAGES/FORFEIT.$____
BRIEF FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:
Creating a disturbance & refusing to obey orders will
not be tolerated
CREDIT FOR PRE-HEARING DETENTION TIME: YES X DAYS ___ NO / NA  30 (MINUTES)
DATE PLACED IN PRE-HEARING DETENTION: 10/11/02  HEARING LENGTH: 30 (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Refuses signature

W.Chu              D. Warden           STATE CLASS.COMMITTEE MEMBER PSA
HEARING OFFICER (PRINT)  WARDEN
(FORM I-47)MAX(DISIPLINARY)  COUNSEL SUBSTITUTE. IF YOU DO NOT UNDERSTAND THIS FORM PSA

PHD

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

**OFFENSE REPORT**

Informal Resolution App?
Officer        Y  (N)
Supervisor   Y  (N)

Case No. 2003DO 44 03
MHMR Rest?   Y   N
PHD               (Y)  N

(1) TDCJ-No. 452522   (2) Offender Larson, Paul   N/   (3) Unit Ea

(4) Housing Assign: D-1-5   (5) Job Assignment: N/A

(6) Offense Level, Code Title: 2.23 Creating a disturbance
2.24 refusing to obey order

OFFENSE DESCRIPTION: On 10/16/02 at 1230 AM/PM, and at 2 dorm
(7) Date   (8) Time   (9) Enter Specific Location

Offender Larson, Paul   TDCJ No. 452522

was ordered by Sgt Morgan to pack his property and go to the
north gym and said offender failed to obey this order.
Furthermore Offender Larson did fail to obey a direct order
which resulted in a significant operation in that said act caused
a delay in shaking down two dorm.

(10) Additional Information: On date and time listed above Offender
failed to move his property to the gym for
a shakedown

RESTRICTED
AND
CONFIDENTIAL

(Continue on additional sheet if necessary)

(11) Witnesses:

(12) Accusing Officer/Employee: Printed Name/Rank M Morgan Sgt

(13) Signature: M Morgan   (14) Shift/Card 1 P4   (15) Date 10/11/02   (16) Time 100

(17) Approving Supervisor's Printed Name: Sgt R.H. Brown   (18) Date 10-11-02

(19) Grading Official (Print)   (20) Rank 2L   (21) Date 10-14-jam

(22) Grade: (Circle One)   IR  UP  MI  (MA)   (23) Justification to override Informal Resolution:

OCT 14 2002

PI-210 (rev. 01/98)

## PRELIMINARY INVESTIGATION REPORT

This report is to be completed on each Offense Report for review by the grading official. The purpose of this report is to obtain any other pertinent information about the incident prior to grading the Offense Report. The Preliminary investigation should not be completed by the charging officer or a person involved in the incident.

Offender: __Larson  Paul__ , TDCJ No. ___452522___

Date & Time Investigation started: ___10-11-02 @ 1330___

1. **ELEMENTS OF CHARGE.** Does the offense description support the elements of each charge (the things that had to be done in order to commit an offense). If "No," have charging officer add needed information.

   Offense Code _2.23_ :  Yes [✓] No [ ]       Offense Code _____:  Yes [ ] No [ ]
   Offense Code _2.24_ :  Yes [✓] No [ ]       Offense Code _____:  Yes [ ] No [ ]

2. **ADDITIONAL INFORMATION.** Has the charging officer included supporting information or evidence to supplement the standardized pleading such as items listed below? (Write "Yes," "No," or "NA" [not applicable] by each item).

   _No_  a.   listing other witnesses to the incident,
   _No_  b.   documentary evidence, e.g., photographs of contraband, etc.
   _Yes_ c.   additional information about the offense.

3. **ACCUSED OFFENDER states that:** (Print interpreter's name if applicable):

   _Not a Truth_

4. **ACCUSING OFFICER states that:** _report is true & correct as written_

5. **WITNESS STATEMENTS** (List employee or offender; attach statements to report): _None_

6. **DOCUMENTATION.** Documents reviewed (lay-ins, appointments, medical records, etc.)
   ☐ Lay-ins,  ☐ Roster,  ☐ Medical Records,  ☐ Picture,  ☐ Other (List & attach to report)
   _None_

   ___R. N. Brown___            ___Sgt___            ___10-11-02 @ 1400___
   Name of Investigating Officer (Print)        Rank        Date & Time Investigation Completed

7. **INFORMAL RESOLUTION** was not appropriate or not possible because:

   _____            _Lt_            _10/11/02_
   Approving Supervisor's Printed Name        Rank        Date

3

SERVICE INVESTIGATION WORK SHEET

TDC#: DOC30044021, TDCJ# 00450507, NAME: LARSON, PAUL ALLAN
CURRENT UNIT: EA, HOUSING: D-1    05 , CLASS: S3, CUSTODY: G2, TYPE:
OFFENSE DATE: 101102, TIME: 12 : 30 PM, LOCATION: EA    02 DORM.
CHARGING OFFICER: MORGAN, M. SGT.                              SHIFT/CARD 1/
OFFENSE CODES: A) 29 . 0,   B) 24 . 0,   C)        ,   B)        ,   D)
DESCRIPTORS:  A) __NG__ , B) __NG__ , C)        ,   D)
PLEA:         A)        , B)        , C)        ,   D)
CLERK RCVD: 10 402 SERVICE LAPSE DATE: 111002 ,       SERVICE DATE: 10-13?
IS ASSIGNED: __Bell__                                  SERVICE TIME: 1:20p

COUNSEL SUBSTITUTE HAS BEEN APPOINTED BECAUSE:

( )  ACCUSED IN ANY FORM OF ___        E. ACCUSED HAS REQUESTED COUNSEL
     SEGREGATION PhD                      SUBSTITUTE
B.  EA BELOW 5.0    IQ BELOW 70      F. ACCUSED HAS REQUESTED WITNESS WHO
C.  LITERACY IS QUESTIONABLE            CAN NOT ATTEND THE HEARING
D.  ACCUSED HAS DIFFICULTY UNDER-    G. COMPLEXITY OF CASE WARRANTS COUNSEL
     STANDING ENGLISH                    SUBSTITUTE

A.  OFFICER'S REPORT CLEARLY DESCRIBES THE INCIDENT IN QUESTION:      YES ✓ NO
B.  CHARGES LISTED HERE REVIEWED WITH REFERENCE TO TDCJ DISCIPLINARY
                                        RULES AND PROCEDURES:         YES ✓ NO
C.  OFFENSE DESCRIPTION IN REPORT SUBSTANTIATES EACH OF THE
                                        ALLEGED OFFENSES WERE VIOLATED: YES ✓ NO

     IF NO, EXPLAIN: _____

1. THE ACCUSER WAS INFORMED ON THE FOLLOWING RIGHTS:                  YES
A.  TO CALL AND QUESTION WITNESSES                                     ✓
B.  TO PRESENT DOCUMENTARY EVIDENCE                                    ✓
C.  TO BE REPRESENTED BY COUNSEL SUBSTITUTE                            ✓
D.  TO CALL AND QUESTION THE CHARGING OFFICER AT THE HEARING          ✓
E.  THE ACCUSED STATES HE/SHE UNDERSTANDS REPORT, CHARGES AND RIGHTS  ✓
F.  THE ACCUSED STATES HE/SHE WISHES TO ATTEND HIS/HER HEARING        ✓

2. THE ACCUSED REASONS AND/OR DEFENSE: My stuff was packed
I told him I had a bad back & bad rest.
I could not carry

4. REQUESTED WITNESSES: NG

5. REQUESTED DOCUMENTARY EVIDENCE: NG

RESTRICTED
AND
CONFIDENTIAL

REVISED 04?

4

```
CSHS1802          T.D.C.J. - INSTITUTIONAL DIVISION          DATE: 10/15/02
                HEALTH SUMMARY FOR CLASSIFICATION SYSTEM      TIME: 13:34:21
                              INQUIRY
  TDCJ-ID #: 00452522   SID #: 03869248
  NAME: LARSON, PAUL ALLAN                         P   U   H   E   S
  HT 5'08"   WT 190                              ------------------------
  DOB: 06 24 1941                               | 3 | 1 | 3 | 1 | 2 | 1 |
  UNIT: EA      HOUSING: D-1-05                  |---|---|---|---|---|---|
  JOB: PRE-HEARING DETENTION                     | C | A | C | A | E | A |
                                                 |---|---|---|---|---|---|
  RESTRICTIONS                                   | P | 1 | P | 1 | P | H |
  UNIT: NO RESTRICTION          TRUSTY CAMP SUITABLE: Y
  HOUSING: NO RESTRICTION
  BUNK: LOWER ONLY              ROW: GROUND FLOOR ONLY
  WORK: W03 W07 W09 W10 W12
  DISCIPLINARY PROCESS: NO RESTRICTION

  INDIVIDUALIZED TREATMENT PLAN:

  TRANSPORTATION RESTRICTIONS: NO RESTRICTION
  REVISED BY: CHERIAN                     REVISED DATE: 02 06 2002
  PF1 -HELP  PF3 -MENU  PF4 -ADDITIONAL INFO  PF7 -UP  PF8 -DOWN
  ENTER NEXT REQUEST:/TDCNO: _____ OR SIDNO: _____
```

RESTRICTED AND CONFIDENTIAL

```
CSHS1808          T.D.C.J. - INSTITUTIONAL DIVISION          DATE: 10/15/02
PAGE NO: 01     HEALTH SUMMARY FOR CLASSIFICATION SYSTEM      TIME: 13:34:24
                          SUMMARY OF TRANSACTIONS
  INMATE NAME: LARSON, PAUL ALLAN        TDCJ-ID #: 00452522

  DATE            RESTRICTION                         AUTHORITY
  02-06-2002      LOWER ONLY                          CHERIAN
                  GROUND FLOOR ONLY
                  SEDENTARY WORK ONLY
                  LIMITED STANDING
                  NO LIFTING > 020 POUNDS
                  NO BENDING AT WAIST
                  NO CLIMBING
  06-15-2001      LOWER ONLY                          WANG
                  GROUND FLOOR ONLY
                  LIMITED STANDING
                  NO LIFTING > 020 POUNDS
                  NO BENDING AT WAIST
                  NO CLIMBING
  02-02-2001      LOWER ONLY                          B. SLOAN RP

  PF1 -HELP  PF3 -RETURN TO INQUIRY  PF7 -UP  PF8 -DOWN  PF10 -PRINT
  ENTER NEXT REQUEST/OR TDCNO _____  OR SIDNO _____
```

5

## Disciplinary Worksheet and Documentation Checklist
*This Form must be used in combination with the Grievance Worksheet (OG-01)*

Offender Name: _Larson, Paul_     TDCJ #: _452522_   Grievance #: _2003040907_

Disciplinary Case #: _20030044051_
- [☑] I-47 MA
- [ ] I-47 MI
- [☑] I-210 (Front and back)
- [ ] I-217
- [ ] CS 09
- [☑] CS 10-11 A and B
- [☑] CS 12
- [ ] CS 14 (if applicable)
- [ ] Outpatient Mental Health Services Disciplinary Case Review (if applicable)

Inmate Plea: [ ] Guilty  [☑] Not Guilty  [ ] None

| | |
|---|---|
| Was the disciplinary tape reviewed? [ ] Yes [☑] No | Disciplinary Tape # |
| Did the Offender receive 24-hour notice of the hearing? [☑] Yes [ ] No [ ] N/A | Did the Offender waive the 24-hour notice? [ ] Yes [ ] No |
| Was the hearing held within 20 days of notification? [☑] Yes [ ] No [ ] N/A | |
| Was an Interpreter requested/required at the hearing? [ ] Yes [ ] No [☑] N/A | Was the Interpreter present at the hearing? [ ] Yes [ ] No |
| Was the Offender present at the hearing? [☑] Yes [ ] No [ ] N/A | |
| Did the Offender make a statement at the hearing? [☑] Yes [ ] No [ ] N/A | |
| Was the punishment consistent with the guidelines in the Disciplinary Rules & Procedure for Offenders? [☑] Yes [ ] No [ ] N/A | |
| Was the accusing officer present at the hearing? [☑] Yes [ ] No [ ] N/A | |
| Were witnesses requested? [☑] Yes [ ] No [ ] N/A | |
| Were witnesses present? [☑] Yes [ ] No [ ] N/A | |
| Was the Offender allowed to submit evidence at the hearing? [☑] Yes [ ] No [ ] N/A | |
| If so, did the evidence refute the charge? [ ] Yes [☑] No [ ] N/A | |
| Was sufficient evidence presented? [☑] Yes [ ] No [ ] N/A | |
| Witness statements, Lab Reports (drug related cases) Medical Records (if appropriate) [☑] Yes [ ] No [ ] N/A | |
| Did either staff or offender witness testimony contradict charges? [ ] Yes [☑] No [ ] N/A | |

Notes: _Offenders are allowed to either have other offenders assist them in carrying property or make additional trips to carry property to shake down area. Per Capt Pace._

Completed By:  Signature: _TE Goode_

Printed Name: _T E Goode La._   Title: _____

Offender Grievance Operations Manual
February 2000    Appendix P

6

T. D. C. J.

HEARING WORK SHEET

CASE #: 20030044031,   TDCJ # 00450322,   NAME: LARSON, PAUL ALLAN
CURRENT UNIT: EA,    HOUSING: D-1     05  ,  CLASS: S3,   CUSTODY: G5,  TYPE: P
OFFENSE DATE:  10119,  TIME: 12 : 30 PM, LOCATION:  EA      02 DORM
REVIEWING OFFICER: MORGAN, M. 591.
OFFENSE CODES: A) 23 . 0,     B) 24 . 0,     C)          D)          SHIFT/CADR: 1/4
DESCRIPTORS:   A)            B)            C)          D)
PLEA:          A) _ng_       B) _ng_       C)          D)
FINDING:       A) _G_        B) _G_        C)          D)
HEARING LAPSE DATE: 11-1-02  DHO: #2  ,  CS: $3.01  ,  SERVICE DATE: 10-13-0_
HEARING DATE/TIME: 10-18-02  040 Am   ,  SERVICE TIME: 1.20 p.m
ACCUSED OFFENDERS DEFENSE:  see C S 10.11a  #2

WITNESSES: na

EVIDENCE: nc

A. CHARGING OFFICER'S STATEMENT  ③ A Larson told me that me to jail ref. gave him a order to get his property

B. ACCUSED OFFENDER'S STATEMENT AT HEARING  ① I have sell lifting limit

C. HEARING NOTES  ② verb wit. A Johnson, Danniel
he has a medical condition
he cannot carry his property
we have sea a docs before
& don't got them.

④ ref. from PHD to pop

INTERPRETER USED:  na      DOCUMENTARY EVIDENCE: na
WITNESSES PRESENT OR TESTIMONY (CS-09) ENTERED: see C#2
ACKNOWLEDGE MODIFICATION: na        OBJECTIONS: na
SUMMATION/MITIGATION _____

see class
over 29 yrs of good
time
PHD credit
cell.

RESTRICTED AND CONFIDENTIAL

PRESENTATION CONCLUDED, LARSON, PAUL ALLAN
WOULD YOU LIKE TO SAY ANYTHING ELSE? YES _____  NO ✓

| | YES | NO | N/A | | | YES | NO | N/A |
|---|---|---|---|---|---|---|---|---|
| CS-14 | | | | NON-FRIVOLOUS EVIDENCE | | ✓ | |
| SANCTIONS ASSESSED: | | | | CROSS EXAMINATIONS | | ✓ | |
| LOSS OF | | | | CREDIT (PHD) | | | |
| RECREATION | REPRIMAND | | | SOLITARY | | | |
| COMMISSARY 30 | EXTRA DUTY | | | REMAIN L_3 | | | |
| PROPERTY | CONT. VISIT THRU | | | REDUC CLASS FROM 33 TO L4 | | | |
| | CELL REST - 30 | | | GOOD TIME LOSS -30 | | | |
| | SPECIAL CELL | | | DAMAGES $ | | | |

CS-12                                                         REVISED  04/99

7



Div.

**Texas Department of Criminal Justice**

# STEP 1
PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

**OFFICE USE ONLY**
Para Uso De La Oficiana Solamen

Grievance #: _200 3040907_
Date Received: **NOV 0 4 2002**
Date Due: _12-14-02_
Grievance Code: _423_
Investigator Number: _Iv266_

☐ EM      ☐ UOF      ☐ MEI
☐ ADA      ☐ REL      ☐ SSI

Offender Name: Paul Larson                    TDCJ # 452522

Unit: Eastham                Housing Assignment: Dorm 2, 50 bunk

Unit where incident occurred: Eastham

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is whe appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? N/A; Appeal from case #: 2003004403 When?

What was your response? ~~EXXX~~ Case #: 20030044031

What action was taken?

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

On 10/18/02, I went to a disciplinary hearing, in handcuffs from PHD, for case given to me for an incident which happened 10/11/02. The hearing wa held on my 8th day in PHD. There was no investigation of the case, nor did have a chance to tell Lt. Handley my version of what occurred on 2 dorm be fore he ordered my commitment to PHD. It was the 5th day in PHD before th counsel substitute came to serve the case; however, before she could eve get the case served, she went to speak to Offender Kelley about his figh with Offender Walker. When she came back, she didn't ask me if I had an witnesses, nor did she seem to have time to discuss the charges. She did no talk to any of my 2-dorm witnesses nor the other Officer on 2-dorm at th time I was escorted off 2-dorm in handcuffs (I had informed her of names an reasons for calling witnesses by I60). As I was in PHD the entire time fro when I was taken from 2-dorm til I went to the hearing, 8 days later, I wa not able to contact any witnesses. After the hearing, I sent an I60 to th counsel substitute to review the tape; however, on this the last day that appeal is due, I never had the opportunity to review the tape. I plead no guilty as: (1) I had already packed all my property before I tried to ta to Sgt Morgan; (2) I never refused a direct order to take my property to th Gym; instead, I tried to show Sgt Morgan my medical reasons why I would b unable to carry my property to the Gym; and (3) I was pretty sure that ther had been no disruption of operations based on Sgt Morgan and I having to a offenders to move over to let us off 2-dorm. After I got out of PHD, th was confirmed by offenders who told me that the entire inventory/shakedo took less than 3 hours for the whole dorm. In fact, some offenders were co ing in from the Gym before my property had been removed from 2-dorm. I wa already punished, with loss of personal property and loss of all my craf

I-127 Front (9/1/1999)                **PLEASE SIGN ON BACK**                    (OVER)

8



Texas Department of Criminal Justice

# STEP 1
PASO 1

## OFFENDER GRIEVANCE FORM
Forma Para Quejas de los Preso

OFFICE USE ONLY
Para Uso De La Oficiana Solamente

Grievance #: _____
Date Received: _____
Date Due: _____
Grievance Code: _____
Investigator Number: _____

☐ EM    ☐ UOF    ☐ MED
☐ ADA   ☐ REL    ☐ SSI

Offender Name: __Paul Larson__ TDCJ # __452522__

Unit: __Eastham__ Housing Assignment: __Dorm 2, 50 bunk__

Unit where incident occurred: __Eastham__
(Appeal continued)

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? PAGE 2 OF APPEAL                When? ____

What was their response? __CASE #: 20030044031__

What action was taken? ____

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.
(Appeal continued)

material (I'd been waiting to get into the craft shop for 10 months before the incident) during the shakedown. Also, I lost several dollars worth of food and items like my most recent (7-years old) picture of my daughter. As I have a liberty interest in my mandatory supervision date, the punishment assessed by Capt. Kitchens was equivalent to, no less than, misdemeanor pun-ishment from a district trial court. Finally, my substitute counsel recom-mended a finding of guilty even though she should have known there was not enough evidence to show that I was guilty of either offense; and, she made this recommendation without consulting me after I plead not guilty. Due to my medical records, available to all parties involved in my lockup and what arose out of the incident, it should be quite plain that giving someone in my medical condition the choice of abandoning legal materials, risking the kind of injury that occurred to offender Gary Roger on 10/9/02, or refusing to try to carry legal property to a Gym can only be motivated by retaliation against people with medical conditions and/or retaliation against persons who have adequate legal material to litigate for their release;and, defies the U.S. Supreme Court's ruling in cases like Yeskey and Crawford-El.

SUBMITTED BY INMATE

127 Front (8/1/1999)              PLEASE SIGN ON BACK              (OVER)

9

**Action Requested to Resolve your Complaint.**

Expunge this case from my records. And, if possible, promulgate some kind
policy so people with medical problems and/or legal materials no longer h
to decide whether to risk their health or to forego their access to courts

**Offender Signature:** _D. Larson_                      **Date:** 11/02/02

**Administration's Decision**

☐  Mandatory referral to IAD (Grievance worksheet attached)

☐  No action warranted (Explain).

**Signature Authority:** _____   **Date:** _____

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1
response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐  1. Grievable time period has expired.

☐  2. Submission in excess of 1 every 7 days*

☐  3. Original not submitted*

☐  4. Inappropriate/excessive attachments*

☐  5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

I-127 Back (9/1/1999)

☐  6. No requested relief is stated.*

☐  7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐  8. The issue presented is not grievable.

☐  9. No remedy exists.

☐  10. Illegible/Incomprehensible*

☐  11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

UGI: _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Action Requested to Resolve your Complaint.**

_____
_____
_____

**Offender Signature:** _____   **Date:** _____

**Administration's Decision**

☐ Mandatory referral to IAD (Grievance worksheet attached)

☐ No action warranted (Explain).

```
Disciplinary case # 20030044031 has been reviewed. It appears that sufficie
evidence was presented to support the finding of guilt and penalt imposed.
no significant due process or apparent procedural errors have been noted, t
case shall stand.
```

**Signature Authority:** _____   Warden Wakefield   **Date:** ___ NOV 1 2 2002

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the Step 1 response. State your reason for appeal on the Step 2 form.

**Returned because:**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days*

☐ 3. Original not submitted*

☐ 4. Inappropriate/excessive attachments*

☐ 5. No documented attempt at informal resolution.*

*You may resubmit this issue once corrections are made.

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☑ 8. The issue presented is not grievable.

☐ 9. No remedy exists.

☐ 10. Illegible/Incomprehensible*

☐ 11. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

I-127 Back (9/1/1999)                    UGI: _____

11



Texas Department of Criminal Justice

# STEP 2
## PASO 2

## OFFENDER GRIEVANCE FORM

Forma Para Quejas de los Preso

**OFFICE USE ONLY**
Para Uso De La Oficiana Solamer

Grievance #: 2003040907
UGI Rec'd Date: NOV 2 7 2002
HQ Rec'd Date: DEC 0 2 2002
Date Due: ~~12-23-02~~

Offender Name: Paul Larson          TDCJ # 452522

Grievance Code: 423
Investigator Number: 1093

Unit: Eastham          Housing Assignment: 2-50

Unit where incident occurred: Same

☐ EM    ☐ UOF    ☐ ME
☐ ADA   ☐ REL    ☐ SS

Give reason for appeal (Be specific). I am dissatisfied with the response at Step 1 because...

I know there were numerous due process and procedural errors present with t
entire chain of events from noon 10/11/02 through the hearing of 10/18/02.
Fact that I've written numerous I60s to the counsel substitute without be
given access to the tape of the hearing, should be reason enough to suspect
Eastham personnel involved are trying to hide something. During the course
the hearing, I objected to the exclusion of all my witnesses who were on 2-do
at the time Sgt. Michael J. Morgan used uncalled for excessive force. My wi
nesses could testify to the fact: I was packed up before asking to speak to S
Morgan; that there was no disruption of operations; and, finally, my witness
could testify to the fact that when I approached Sgt. Morgan, I was holding
health summary sheet (HSM-18) in my hand to show him why I could not carry
property to the Gym. Another witness, I asked for, would have testified to wh
happened to Gary Rogers who had medical reasons not to carry his property
the Gym on 10/9/02. Witnesses can testify to the History of Sgt. Morgan's u
of unnecessary excessive force. Due process was violated when: (1) Lt. Mark
Hanley had me locked up in PHD, without asking my side of the story; (2) Ma
Todd E. Harris authorized my continued liberty restraint in PHD without prop
investigation; (3) I was held in PHD from 10/11/02 until the evening after t
hearing on 10/18/02; (4) my counsel substitute, Ms. Sonia D. Bell: (a) reco
mend that I be found guilty on the evidence, (b) failed to interview or ce
the witnesses that I had asked for in two (2) I60s, (c) failed to arrange f
me to hear the tape from the hearing (tape #3576. Side B, 129-258), and (d) c
not offer any assistance on appeal (she would not even answer any of my I60s
Because this case has not been turned over on Step 1, and much of my propert
which should not have been taken, was taken (it was picked up by my friend
Houston), the punishment assessed (which changed my mandatory supervision da
from July 2007 to May 2009) was excessive for my unwillingness to choose whe
er to risk my physical well-being/health or jeopardize my access to courts;

I-128 Front (9/1/1999)          — **PLEASE SIGN ON BACK**          (OVER)

12

my personal and legal property be destroyed or attempt to carry it to the Gym. Due to this case, I've become familiar with Chapter 14 (Civil cases in State Courts); therefore, I know I have valid recourse to courts if this appeal doe not result in overturning this case. Defendants would be: Tommy E. Goodin, Ms Martha R. Jackson, Warden Gary A. Wakefield, Warden David W. Sweetin, Captai Patrick N. Ross, Sr. and the other entities mentioned, herein. I'll gladl cite case law upon which a viable suit can be based, under the circumstances o this obvious case of retaliation against myself for either my physical handica (ADA) and/or blatant retaliation due to my litigation (I can prove this wa known to the Respondents). At this point, to keep the peace (and not face an further retaliation) I can live with the loses I've already sustained; but onl if this case is expunged from my record, my class and good time is restored and I know there will be no further retaliation about my property or medica restrictions.

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

Offender Signature: _____   Date:   11/26/02

**Appellate Decision and Reason:**

☐  The Step 1 answer has addressed your complaint. No action will be taken.

☐  You have not provided a good reason for your appeal or for this office to review your claims further. No action will be taken.

☐  The issue you raise has been resolved or is pending resolution and no further action is warranted.

☐  The issues you present have already been reviewed. No further appeals of the same issues will be addressed. No action will taken by this office.

Major case #20030044031 has been reviewed by this office. Sufficient evidence was provided to support the guilty verdict. There were no due process errors. There were no investigation or counsel substitute deficiencies. The punishment was within agency guidelines. The decision of the hearing officer shall stand as rendered.-jl-d

Signature Authority: _____   Date: _____   DEC 1 2 2002

**Kelli Ward**

**Returned Because:**

☐  1. Grievable time period has expired.

☐  2. Illegible/Incomprehensible*

☐  3. Originals not submitted*

☐  4. Inappropriate/Excessive attachments*

☐  5. Malicious use of vulgar, indecent, or physically threatening language directed at an individual.

☐  6. Inappropriate (request is for employee disciplinary action or consequential or punitive damages).

*You may resubmit this issue once corrections are made.   Grievance Staff: _____

I-128 Back (9/1/1999)

13

# GRIEVANCE INVESTIGATION WORKSHEET
## Restricted & Confidential

| GRIEVANCE OFFICE USE ONLY | | STEP 1 ☑ |
|---|---|---|
| | | STEP 2 ☐ |

Unit: _EA_   UGI/CGI: _T.E.Good_n_   Date Initiated: _11-4-02_   Date Completed: _11-6-02_

Offender Name: _Larson Paul_   TDCJ #: _452522_   Housing: _20A_

Grievance #: _20030040907_   Code: _423_   Date Due: _12-18-02_

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ( )   ADA ( ) |
|---|---|---|---|
| ( ) YES (✓) NO | ( ) MAJOR ( ) MINOR ( ) UR # | (X) MA   ( ) MI # 20030044031 | RELIGION ( )   SSI ( )   MEDICAL ( ) |

Summary of Issue: *(Include date, time, location.)* NOTE: *For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigations.*

Appealing major disc case # 20030044031

Requested Remedy: Expunge this case from records.

---

The following is to be completed by the investigating official. The investigating official must sign the bottom.
(Attach Statements/Supporting Documentation if applicable.)

Summary of Fact Finding Activity:

Copy of disciplinary case # 20030044031 has been reviewed.

Cup Pass allows offender may either have other offender assist them carry their property or make additional trips to get property to shakedown area.

Suggested Response to Offender: Disciplinary case # 20030044031 has been reviewed. It appears that sufficient evidence was presented to support the finding of guilt and penalty imposed. As no significant due process or apparent procedural errors have been noted, the case shall stand.

---

OUTCOME CODE  _0_  *(Grievance Office Use Only)*

Completed By   Signature _TEGood_   Date _11-6-02_

Printed Name _TEGood_n_   Title _Inv II  W_

(Note: This grievance is being processed in an effort to resolve a problem through the established procedures identified in BP-03.77 and AD-03.82. It is expressly prohibited to subject the grieving offender, other offenders, or staff to any form of reprisal for the use of these procedures. The Internal Affairs Division will investigate all such claims.)
OG-01 (Front) Rev. 11/99

14

## GRIEVANCE INVESTIGATION WORKSHEET
### Restricted & Confidential

| GRIEVANCE OFFICE USE ONLY | | | STEP 2 |
|---|---|---|---|

| Unit: CGO   CGI: I0931 | Date Initiated: 12/10/02 | Date Completed: 12/10/02 |
|---|---|---|
| Offender Name: Larson, Paul | TDCJ No: 452522 | Housing: EA |
| Grievance No: 2003040907 | Code: 423 | Date Due: 01/01/03 |

| EMERGENCY | USE OF FORCE | DISCIPLINARY ISSUE | PROPERTY ☐ | ADA ☐ |
|---|---|---|---|---|
| YES ☐ NO ☒ | MAJOR ☐ MINOR ☐ UR ☐ | MAJOR ☒ MINOR ☐ | RELIGION ☐ | SSI ☐ |
| | UOF # | # 20030044031 | MEDICAL ☐ | |

**Summary of Issue:** *(include date, time location.) NOTE: For claims of Excessive/Unreported UOF, or Harassment/Retaliation for use of the Grievance Procedure or Access to Courts rights, other legal activities, the investigation must be conducted by Internal Affairs. Complete the Fact Sheet for I.A.D. Investigations.*

Code 24.0, Refusing To Obey Orders and Code 23.0, Creating A Disturbance. Reduction in class from S3 to L1; 30 days loss of good time; and 30 days commissary restriction.

Offender claims there was no investigation conducted and the counsel substitute waited until the 5th days after he was placed in PHD to serve him the case. He further stated she did not interview his requested witnesses.

**Requested Remedy:**
Overturn case.

The following is to be completed by the investigating official. The investigating official must sign the bottom.
**(Attached Statement/Supporting Documentation is applicable.)**
**Summary of Fact Finding Activity:**

1. The evidence used for a finding of guilt was the officer's report, the charging officer testimony at the hearing supporting the charge, and the offender's admission of guilt.

2. The offense description satisfies the elements of the charge.

3. An investigation was completed and there is nothing to indicate that the counsel substitute violated policy. There is no indication that the offender requested witnesses at service. Offender Johnson did testify at his hearing.

4. The punishment is well within agency guidelines.

5. There are no due process errors noted.

**Suggested Response to Offender:**
Major case #20030044031 has been reviewed by this office. Sufficient evidence was provided to support the guilty verdict. There were no due process errors. There were no investigation or counsel substitute deficiencies. The punishment was within agency guidelines. The decision of the hearing officer shall stand as rendered.

| Outcome Code: | D | | Date: | 12/10/02 |
|---|---|---|---|---|
| Completed By: | Signature: *Susan Nelson* | | Title: | CGI |
| | Printed Name: Susan Nelson | | | |

15